## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

TERRANCE D. WILLIAMS,           :
AIS 240169,

                                  :

        Petitioner,

vs.                             :          CA 09-0174-CG-C

CHERYL PRICE,                   :

        Respondent.

### REPORT AND RECOMMENDATION

Terrance D. Williams, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

### FINDINGS OF FACT

1.      Williams was convicted in the Circuit Court of Baldwin County, Alabama on December 6, 2004, of trafficking in cocaine; he was sentenced to a twenty-year term of imprisonment.  (*See* Doc. 3, at 2) Petitioner directly appealed his conviction and sentence, *see Williams v. State*, 976 So.2d 521

(Ala. Crim. App.) (table), *cert. denied*, 976 So.2d 1064 (Ala. 2006) (table), and has also collaterally attacked same in the state courts of Alabama (Doc. 3, at 4).

2.     Williams filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on or about March 13, 2007, collaterally attacking his conviction and sentence. *See Williams v. Price*, CA 07-0196-CG-M. On August 28, 2007, United States Magistrate Judge Bert W. Milling, Jr., recommended that the petition be denied on the basis that this Court was procedurally barred from reaching the merits of petitioner's first claim and finding the two remaining claims without merit. *See* CA 07-0196-CG-M, Doc. 11. Chief United States District Judge Callie V. S. Granade adopted Magistrate Judge Milling's report and recommendation by order entered on September 14, 2007, *id.* at Doc. 16, and entered judgment that same date denying Williams' petition for writ of habeas corpus, *id.* at Doc. 17.

3.     Petitioner filed written notice of appeal on September 27, 2007, *id.* at Doc. 18, which was construed as a motion for certificate of appealability and denied by the Court on October 4, 2007, *compare id. with* Docket Sheet & Doc. 20. On October 26, 2007, the Eleventh Circuit Court of Appeals dismissed the appeal for failure to prosecute "because the appellant has failed

to pay the $450 docketing and $5 filing fees ($455) to the district court clerk within the time fixed by the rules[.]" *Id.* at Doc. 21.

4.      Williams filed the instant habeas corpus petition in this Court on March 31, 2009.  (*Compare* Doc. 1 *with* Doc. 3)  In the petition, Williams raises, for the first time, claims of ineffective assistance of trial and appellate counsel. (*See* Doc. 3, at 7) Petitioner did not allege ineffective assistance of counsel in his first federal petition. (*Compare id. with Williams v. Price*, CA 07-0196-CG-M, Doc. 11, at 1-2 ("Petitioner filed a complaint with this Court on March 13, 2007, raising the following claims: (1) The Trial Court improperly allowed evidence of Petitioner's prior conviction before the jury; (2) the conviction was obtained through an unconstitutional search and seizure; and (3) the State presented inadmissible hearsay evidence[.]"))

## CONCLUSIONS OF LAW

1.      A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.

2.      Pursuant to 28 U.S.C. §§ 2254 and  2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

3.      The instant petition, filed on March 31, 2009 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider his petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second habeas petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Williams' request for relief.  *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

4.      The undersigned recommends that this Court dismiss Williams'
present habeas petition due to his failure to comply with § 2244(b)(3)(A),
rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C.
§ 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the
cases from the Second, Sixth and Tenth Circuits cited in the preceding
paragraphs did not analyze § 1631 or explain why it was appropriate authority
for the transfer. Significant arguments can be made on either side as to the
viability of § 1631, and a different result may occur depending upon whether
the matter to be transferred is viewed as a § 2254 application or as a motion
under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a
motion under § 2244(b)(3)(A). Also, we note that there are concerns relating
to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring
an applicant to move in the court of appeals '*[b]efore* a second or successive
application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn
v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the
instant habeas corpus petition was filed, the district court dismissed it without
prejudice on May 30, 1997, to allow Dunn to seek authorization from this
court to proceed with this successive petition as required by §
2244(b)(3)(A)."), because his petition "in addition to being second or

successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

## **CONCLUSION**

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 23rd day of April, 2009.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


                          ___s/WILLIAM E. CASSADY_____
                          UNITED STATES MAGISTRATE JUDGE